# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| COREY DESHUN LURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-2795-SHM-tmp |
| | ) | |
| SHELBY COUNTY CRIMINAL JUSTICE CENTER, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO AMEND (ECF NO. 13);
MODIFYING THE DOCKET;
DISMISSING AMENDED COMPLAINT (ECF NOS. 1 & 13) WITHOUT PREJUDICE;
GRANTING LEAVE TO AMEND;
DENYING MOTION FOR EXTENSION OF TIME (ECF NO. 9);
AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL (ECF NOS. 4, 7 & 12)**

On November 14, 2022, Plaintiff Corey Deshun Lurry filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) When Lurry filed the complaint, he was confined at the Shelby County Criminal Justice Center (the "SCCJC"), in Memphis, Tennessee. (*Id*. at PageID 2; *see also* ECF No. 13 at PageID 35.) Lurry remains confined at the SCCJC. (*See* ECF No. 14-1 at PageID 40.) Lurry alleges that "[o]n September 27, 2022, while being subdued [b]y staff at [the] [SCCJC], a vicious attack was carried out on me with unnecessary force [the 'Incident'] … and to [the] present day[,] [I] still received no medical treatment due to staff covering up injuries." (ECF No. 1 at PageID 2.) Lurry alleges claims of excessive force and deprivation of medical care against: (1) the SCCJC; (2) A. Moore; (3) R. Thompson; (4) C. Avalos; (5) T.

Ware; (6) C. Peoples; (7) T. Swain; (8) B. Stewart; (9) T. Matthews; (10) T. Davis; (11) DRT[1] Elliot; (12) DRT Gatewood; (13) DRT Ross; and (14) DRT Wilkins.  (ECF No. 1 at PageID 1-2 (Defendants (2) through (14) are referred to as the "Individual Defendants"); ECF No. 13 at PageID 35.)[2]  Lurry seeks: (1) fifteen million dollars ($15,000,000.00); and (2) to "hold [the SCCJC] and staff accountable for unjust actions." (ECF No. 1 at PageID 3.)

On December 1, 2022, Lurry filed a motion for appointment of counsel.  (ECF No. 4.)

On December 19, 2022, Lurry filed: (1) a motion for appointment of counsel (ECF No. 7); and (2) a motion for extension of time to comply with 28 U.S.C. § 1915 (ECF No. 9).

On January 12, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  (ECF No. 10.)

On January 25, 2023, Lurry filed another motion for appointment of counsel.  (ECF No. 12.)

On January 30, 2023, Lurry filed a motion to amend the complaint to "correct [the] names of parties involved and … the facility in which violation of [my] rights occurred." (ECF No. 13 at PageID 35.)

---

[1] The acronym "DRT" in the complaint is construed to mean the Detention Response Team at the SCCJC.  (*See*  https://www.shelby-sheriff.org/command-staff?staff=7108  (last accessed Apr. 28, 2023).)

[2] It is unclear from the complaint which of the Individual Defendants are "correctional officers" at the SCCJC and which of the Individual Defendants are "DRT Members." (*See* ECF No. 1 at PageID 2.)  That distinction is not dispositive of the analyses in this Order.

Before the Court are: (1) the motion to amend (ECF No. 13 (the "MTA")); (2) the complaint and the amended complaint (ECF Nos. 1 & 13 (the "Amended Complaint"))[3]; (3) the motions for appointment of counsel (ECF Nos. 4, 7 & 12 (collectively, the "Motions To Appoint Counsel")); and (4) the motion for extension of time (ECF No. 9).

For the reasons explained below: (1) the MTA (ECF No. 13) is GRANTED to the extent Lurry seeks to correct two (2) of the Defendants' names on the docket; (2) the Amended Complaint (ECF Nos. 1 & 13) is DISMISSED WITHOUT PREJUDICE; (3) the Motions To Appoint Counsel (ECF Nos. 4, 7 & 12) are DENIED; and (4) the motion for extension of time (ECF No. 9) is DENIED as moot.

The Clerk shall MODIFY the docket to: (1) replace "B. Thompson" as a Defendant with "R. Thompson" (*see* ECF No. 13 at PageID 35); (2) replace "Shelby County Justice Center" as a Defendant with "Shelby County Criminal Justice Center" (*see id.*); and (3) add Shelby County, Tennessee (the "County") as a Defendant.

I.     **SCREENING THE COMPLAINT**

    A. **Legal Standard**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

---

[3] For purposes of screening Lurry's § 1983 claims under the PLRA, the Court CONSOLIDATES the complaint (ECF No. 1) and Lurry's motion to amend (ECF No. 13) as the Amended Complaint.

3

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements To State A Claim Under § 1983

Lurry alleges claims under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1-4.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### C. Claims Against The SCCJC

To the extent the Amended Complaint alleges claims against the SCCJC (ECF No. 1 at PageID 1-2; ECF No. 13 at PageID 35), Lurry's claims are not well taken. Under § 1983, a jail is not a "person" subject to suit. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983"). Lurry's claims against the SCCJC fail as a matter of law.

The Court construes Lurry's claims against the SCCJC as claims against the County. *See Marbry*, 2000 WL 1720959, at *2. The County may be held liable only if Lurry's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in

original)). Lurry does not allege that he has been deprived of a right because of a policy or custom of the County. (*See* ECF Nos. 1 at PageID 2-3 & 13 at PageID 25.) Lurry alleges instead that the Individual Defendants used excessive force during the Incident. (*Id.*) The Amended Complaint does not allege any policy or custom of the County, much less one pursuant to which the Individual Defendants acted to deprive Lurry of his constitutional rights.

The Amended Complaint's claims against (1) the SCCJC and (2) the County are DISMISSED WITHOUT PREJUDICE for failure to allege sufficient facts stating a claim to relief.

### D. Official Capacity Claims Against The Individual Defendants

Lurry does not allege whether he sues the Individual Defendants in their official or individual capacities. (*See* ECF Nos. 1 & 13.) The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The Court construes Lurry's claims against the Individual Defendants as official capacity claims. Lurry's official capacity claims against the Individual Defendants are treated as claims against the Individual Defendants' employer — the County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). The Amended Complaint's claims against the County fail for the reasons explained above. *See* Section I.C., *supra*.

The Amended Complaint's claims against the Individual Defendants in their official capacities are DISMISSED WITHOUT PREJUDICE for failure to allege sufficient facts stating a claim to relief.

### E. Amendment Under The PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend under the conditions set forth below.

## II.   THE MOTIONS TO APPOINT COUNSEL

In support of the Motions To Appoint Counsel, Lurry represents that: (1) he is "unable to afford counsel" (ECF No. 7 at PageID 18) because his "resources are limited" (ECF No. 4 at

7

PageID 11); (2) his imprisonment "will greatly limit [my] ability to litigate" (ECF No. 7 at PageID 18; ECF No. 12 at PageID 33); (3) he has "limited knowledge of the law" (ECF No. 7 at PageID 18; ECF No. 12 at PageID 33); and (4) "counsel will enable Plaintiff to better cross-examine and present evidence" (ECF No. 7 at PageID 18). The Motions To Appoint Counsel do not warrant the relief Lurry seeks.

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Id*.

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1384 (6th Cir. 1987); *see also Lavado*, 992 F.2d at 604-05. A court generally will appoint counsel only in "exceptional circumstances." *Id*. at 605-06; *accord Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). To determine whether a case meets this standard, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional circumstances] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help").

The claims in the Amended Complaint are not complex. Lurry's claim of indigency (ECF No. 7 at PageID 18; ECF No. 4 at PageID 11) is not the type of exceptional circumstance that warrants the appointment of counsel in a civil case. *See Masciarella v. Newhouse*, No. 20-1206, 2021 WL 1318323, at *6 (W.D. Tenn. Apr. 8, 2021). To the extent Lurry seeks appointment of counsel because he lacks formal legal training (ECF No. 7 at PageID 18; ECF No. 12 at PageID 33), Lurry's argument is also unpersuasive. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06). Like all prisoners proceeding *pro se* before the Court, Lurry must familiarize himself with, and follow, the Court's Local Rules and the Federal Rules of Civil Procedure. *See Howard*, 2000 WL 876770, at *2. Lurry's "circumstances [being indigent and untrained in the law] are typical to most prisoners." *See Bowers v. Power*, No. 3:17-cv-01599, 2018 WL 1794730, at *2 (M.D. Tenn. Apr. 16, 2018).

The Motions To Appoint Counsel (ECF Nos. 4, 7 & 12) are DENIED because Lurry does not demonstrate exceptional circumstances warranting appointment of counsel.

## III.     THE MOTION FOR EXTENSION OF TIME

On December 19, 2022, Lurry moved for an extension of time to comply with 28 U.S.C. § 1915. (ECF No. 9.) On January 12, 2023, the Court granted leave to proceed *in forma pauperis*. (ECF No. 10.) Lurry's motion for extension of time (ECF No. 9) is DENIED because that motion is moot.

## IV.     CONCLUSION

For the reasons explained above:

9

A. The motion to amend (ECF No. 13) is GRANTED to the extent Lurry seeks to correct the names of Defendants "R. Thompson" and "Shelby County Criminal Justice Center" on the docket.

B. The Amended Complaint (ECF Nos. 1 & 13) is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

C. Leave to amend is GRANTED. An amended pleading must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Lurry's claims. A second amended complaint supersedes the Amended Complaint and must be complete in itself without reference to the prior pleadings. Lurry must sign the second amended complaint, and the text of the second amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the second amended complaint and must be attached to the second amended complaint. All claims alleged in a second amended complaint must arise from the facts alleged in the Amended Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Lurry fails to file a second amended complaint within the time specified, the Court will dismiss the Amended Complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

      D.      The Motions To Appoint Counsel (ECF Nos. 4, 7 & 12) are DENIED without prejudice, subject to Lurry's right to re-file a motion for appointment of counsel if the case proceeds.

      E.      The motion for extension of time (ECF No. 9) is DENIED because that motion is moot.

IT IS SO ORDERED, this 2d day of May, 2023.

                                         *Samuel H. Mays, Jr.*
                                         SAMUEL H. MAYS, JR.
                                         UNITED STATES DISTRICT JUDGE